FILED
United States Court of Appeals
Tenth Circuit

December 15, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARIO RAMOS-HERNANDEZ,

     Petitioner,

v.

LORETTA E. LYNCH, United States
Attorney General,

     Respondent.

No. 15-9524
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **GORSUCH**, and **McHUGH**, Circuit Judges.
_____

Mario Ramos-Hernandez is a native and citizen of Guatemala who entered the

United States illegally in 2014. In an effort to avoid removal, he applied for relief

under 8 U.S.C. § 1231(b)(3) and the Convention Against Torture. An immigration

judge and later the BIA denied Mr. Ramos-Hernandez's application because (among

other things) they found his account of past persecution in Guatemala not credible.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

Mr. Ramos-Hernandez seeks relief from this ruling, arguing that we should find it wanting for two reasons: (1) he never received an adequate opportunity to explain the inconsistencies in his testimony; and (2) the ruling is premised on a factual mistake.

This court is precluded by law from considering the first argument. Before bringing an argument to court, an alien seeking relief under the immigration laws must first "present the *same specific legal theory* to the BIA." *Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010). This Mr. Ramos-Hernandez failed to do with respect to his first theory for relief.

Mr. Ramos-Hernandez did exhaust his second argument so we may proceed to consider its merits. Before the immigration judge Mr. Ramos-Hernandez claimed that he would be persecuted if returned to Guatemala because of his past participation in demonstrations against the policies of government agencies responsible for energy distribution. The immigration judge found this claim not credible because Mr. Ramos-Hernandez was himself "employed by government-funded electrical agencies" in Guatemala at the time of his past activism. Before this court, Mr. Ramos-Hernandez contends that this credibility determination is legally unsustainable because it was premised on a factual mistake: Mr. Ramos-Hernandez worked for private companies, not a "government-funded agency." And it's certainly true that to be sustained credibility findings "may not be based on speculation, conjecture, or unsupported personal opinion . . . [but] must be supported by substantial evidence in the record." *Uanreroro v. Gonzales*, 443 F.3d 1197, 1205

2

(10th Cir. 2006) (internal quotation mark omitted).  The problem Mr. Ramos-Hernandez faces is that, according to his own testimony, the companies for whom he worked were "hired by" and "vertically integrated" with and operated "under the purview of" the government.  And given this testimony, it's difficult to see how the immigration judge's factual finding about the nature of his former employer might be characterized as based on speculation or conjecture rather than substantial record evidence.

Having found the adverse credibility determination in this case sustainable, and given that this determination by itself supplies a legally sufficient basis to support the BIA's decision, the petition for review is denied.

Entered for the Court


Neil M. Gorsuch
Circuit Judge